# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALIFORNIA SUN TANNING USA, INC., Plaintiff, | : |
| v. | : CIVIL ACTION |
| ELECTRIC BEACH, INC., ET AL., Defendants. | : NO. 07-4762 |

**Memorandum**

YOHN, J.                                                                                November 7, 2008

On September 30, 2008, plaintiff California Sun ("CaliSun") filed a motion to dismiss its own complaint for lack of subject matter jurisdiction, presumably pursuant to Federal Rule of Civil Procedure 12(b)(1). On October 29, 2008, I issued an order that denied CaliSun's motion to dismiss (Doc. No. 89). This memorandum details my reasons for doing so.

## I. Background

This case arises from a franchise agreement (the "Agreement") between CaliSun and defendants, which was executed on January 6, 2003. (Am. Compl. ¶ 14.) The Agreement permitted defendants to run a "California Sun Tanporium" at the "Trolley Square" location in Wilmington, Delaware. (*Id.* ¶¶ 15.) Additionally, the Agreement granted defendants the right to use CaliSun's trade name and trademarks. (*Id.* ¶ 16, Ex. A at 3.) In return, defendants agreed to pay a fixed percentage of gross sales to CaliSun. (*Id.* ¶ 17, Ex. A at 4.)

1

CaliSun asserts that defendants breached the agreement in several respects beginning in August 2006. (*Id.* ¶ 27.) As a result, CaliSun filed this action on November 13, 2007. On December 5, 2007, CaliSun filed an amended complaint, which asserts three counts, including one for trademark infringement and unfair competition. Because the complaint raised issues relating to trademarks, subject matter jurisdiction was proper under 28 U.S.C. § 1331 and § 1338.

Discovery ensued, and the parties negotiated a now-disputed settlement agreement. The agreement would require defendants to make an $85,000 payment to CaliSun. With the validity of the settlement agreement in question, I held an evidentiary hearing on August 28, 2008.[1] Just one month later, on September 30, 2008, CaliSun filed a motion to dismiss its own complaint on the ground that the court lacked subject matter jurisdiction. CaliSun argues that the Agreement has expired and all rights to the CaliSun trademarks have reverted to CaliSun. As a result, CaliSun asserts that the trademark infringement issue is moot and that the court lacks jurisdiction over all remaining claims.

II.     **Discussion**

The central issue is whether the court's subject matter jurisdiction is divested because the claim upon which the court's original jurisdiction was founded is now moot. Generally, "subject matter jurisdiction is tested as of the time of the filing of the complaint." *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392 n.12 (3d Cir. 1991); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) ("'The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.'" (quoting *Newman-Green, Inc. v. Alfonso-Larrain*, 490

---

[1] The hearing had to be continued for further evidence and is rescheduled for November 19, 2008.

2

U.S. 826, 830 (1989) (emphasis omitted)). Once the court determines that federal jurisdiction is proper, it "cannot be ousted by subsequent events, including action by the parties." *F. Alderete Gen. Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed. Cir. 1983) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

However, the Third Circuit has held that courts should not apply this general rule mechanically when jurisdiction is founded on a federal question. *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1503-04 (3d Cir. 1996). In reaching this conclusion, the *New Rock* court observed that the time of filing rule, which is often applied in diversity cases, "has been applied only rarely to federal question cases." *Id.* at 1503. Moreover, when courts apply the rule in a federal question case, courts do so "axiomatically, without extensive discussion or analysis." *Id.* In *New Rock*, the Third Circuit concluded that a court's inquiry should focus on whether the parties were attempting to manipulate federal jurisdiction. *Id.* at 1504. "Without the possibility of manipulative behavior, the primary policy behind the time of filing rule is not implicated." *Id.*

In this case, there is no evidence to suggest that the trademark issues, which provided the original basis for federal jurisdiction, were presented to the court in an effort to manipulate federal jurisdiction. Therefore, a mechanical application of the time of filing rule is inappropriate. This conclusion, however, does not end the court's inquiry. Instead, the supplemental jurisdiction statute, 28 U.S.C. § 1367, governs the balance of the court's analysis.[2]

---

[2] The *New Rock* court explained that dismissal of the federal claim during the pendency of the civil action did not necessarily extinguish federal jurisdiction over remaining supplemental claims. The court reasoned:
> In rejecting the [time of filing] rule as dispositive, however, we do not suggest that jurisdiction at the outset of the case is irrelevant as to whether the district court

3

A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III . . . ." § 1367(a). Here, all remaining claims arise from the Agreement and the defendants' alleged breaches of the Agreement. Thus, the court properly exercises supplemental jurisdiction over these remaining claims.

A district court "*may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" § 1367(c)(3) (emphasis added); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Growth Horizons v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1285 n.14 (3d Cir. 1993). "The plain language of the statute makes declination permissive, not mandatory." *New Rock*, 101 F.3d at 1508. To determine whether the remaining state issues should be dismissed, a court must engage in a practical reassessment of its jurisdiction, with a focus on judicial economy, convenience and fairness to the parties, and comity. *See Gibbs*, 383 U.S. at 726; *New Rock*, 101 F.3d at 1511; *Growth Horizons*, 983 F.2d at 1284-85. For example, a court can consider the amount of federal judicial resources already expended and the likelihood that dismissal would cause relitigation in state court. *See Rosato v. Wyman*, 397 U.S. 397, 404-05 (1970); *Miller Aviation v. Milwaukee County Bd. of Supervisors*, 273 F.2d 722, 731 (7th Cir. 2001).

Here, the trademark claims that supported the court's original jurisdiction are now moot;

---

continued to have jurisdiction after the [original ground for federal jurisdiction] was dismissed. Indeed it is the initial jurisdiction over the case that provides the constitutional power for the court to continue to hear it.

*New Rock*, 101 F.3d at 1507. Rather, dismissal of the jurisdiction-granting claim "triggers a discretionary decision on whether jurisdiction over a state law claim *should* be declined pursuant to § 1367(c)(3)." *Id.* at 1508 (emphasis added).

4

therefore, the court has discretion under § 1367(c)(3) to dismiss the remaining supplemental claims. For many reasons, I will not exercise this discretion. First, the court has already expended significant judicial resources in adjudicating many aspects of this case, including the resolution of several motions. In addition, I conducted an extensive evidentiary hearing regarding the purported settlement of CaliSun's claims. Second, dismissal at this stage will inevitably result in the refiling and relitigation of issues in state court, which will unnecessarily increase costs and fees to the parties in a case where the costs are disproportionately high already. Finally, retaining jurisdiction over CaliSun's remaining claims presents no issue of unfairness to CaliSun, as CaliSun *chose to file* all of its claims in federal court. For these reasons, the court will retain jurisdiction over the remaining claims in CaliSun's amended complaint.[3]

### III. Conclusion

Although the time of filing rule does not apply to this case, the court exercises supplemental jurisdiction over the remaining claims. Therefore, on October 29, 2008, I denied

---

[3] In addition to having supplemental jurisdiction over the remaining state claims, it is likely that the court also exercises diversity jurisdiction under 28 U.S.C. § 1332. Based on documents filed with the court, CaliSun is a Pennsylvania citizen, both Electric Beach and Lee Carter are citizens of Delaware, and Staci Carter is a citizen of Texas. Thus, the parties are diverse.

Determining the amount in controversy is a more challenging task. For the purposes of diversity jurisdiction, the amount in controversy must be determined based on the plaintiff's complaint as of the time of filing. *See Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). In its amended complaint, CaliSun avers that defendants' breaches of the Agreement resulted in a loss that exceeded $50,000. (Am. Compl. ¶ 56.) Although this alone does not satisfy the pleading requirements for the amount in controversy, evidence that the parties have produced suggests that the amount in controversy does exceed $75,000. The most probative evidence of the amount in controversy is the $85,000 purported settlement between the parties, which strongly implies that the amount in controversy exceeded the jurisdictional threshold at the time the case was filed. Nevertheless, because the court exercises supplemental jurisdiction over the remaining issues and claims in this case, the court need not make a final determination as to whether both requirements for diversity jurisdiction are satisfied.

CaliSun's motion to dismiss.

_____
William H. Yohn Jr., Judge